Mr. Chief Justice Marshall
 

 delivered the opinion of the court, and after stating the facts, proceeded as follows':
 

 The general principle unquestionably is, that to en-Pontiff t° recover, the loss must be
 
 occasioned
 
 one of the.perils- in the policy. This is equally the rule of reason and the rule oflaw. Buttheplamtiffcontends that the case of Vallejo v. Wheeler denies the uppl^ution- of this principle to a loss in a casein which barratry has been committed. • This, court is ", not of that opinion., The case of Vallejo v. Wheeler it to be immaterial whether the loss occurred during the continuance of the barratry,or afterwaxds, not whether the loss was produced by the barratry. Inthat Case the court was of opinion that the loss was produced by the barratry.
 

 Judgment Affirmed.
 
 a
 

 a
 

 The cases on the subject of barratry áre collected in Condey.’s edition of
 
 Marshall on Insurance,
 
 vol. 2 p. 515
 
 ct
 
 infra, and note (84) p. 534. To which add the following: Where ’the owner of a vessel chartered her to • the master for a certain period of time, the , master ‘ covenanting to
 
 *171
 
 victual and man her at his own expense, he was held to be owner
 
 pro hac vice,
 
 and no act of his would amount tó barra-' try. And if he committed an act, which, were he investéd with no- other character than that of master, would be bar- ' ratrous, the insurer would not-be liable ¿ven to an innocent owner of-the goods laden on board the vessel. Hallett v. The Columbian Ins. Co. 8
 
 Johns. Rep.
 
 272. Barratry uiay be committed by the master, in respect of the cargo, although the owner of the car-r go is, at thé same time, owner of the ship', and although the owner is, also, supercargo or consignee' for the voyage, Cook
 
 et al.
 
 v. The Commercial Ins. Co. 11
 
 Johns. Rep.
 
 40.
 
 Qwere,
 
 Whether information' or facts, known to the assured as to the carelessness, extra\ragan9e, and want of economy in -the master, be material, and ought to be disclosed to the insurer at the tíme of effecting the policy ? Walden v. The Firem. Ins. Co. 12
 
 Johns.
 
 Rep. 128. 513; A vessel was insured, among other risks, againstJsre; during the voyage a seaman of the crew careless^ ly 'put up a lighted candle in the binnacle, which took fire, and communicating to some powder, the vessel was blown up, and wholly lost; it, was held that the insurers were not liable for the loss. A loss occasioned by the mere negligence or carelessness of the master or mariners, does not amount to
 
 barratry,
 
 which an act done with a fraudulent intent,- or
 
 ex maleficio.
 
 Grim v. The United Ins. Co. 13 Johns.
 
 Rep.
 
 451. See 8
 
 Mass. Rep.
 
 308. A sentence condemning as enemy’s property- a Cargo, -which the. master had barratrously carried into an enemy’s .blockaded port, although con-elusive evidence that the cargo was enemy’s property at the time cf capture and condemnation, does not disprove an averment that the cargo was lost by> the captain’s- barratrously- carrying it to places unknown. Whereby the good'sf became liable to confiscation, and were confiscated. Goldschmidt v. Whitmore, 3 Trun. 508. Where the plaintiff declared'on a policy from Jutland to Leith, and averred 'a \ loss by seizure ; the master testi* fied that the ship was pursuing
 
 *172
 
 her course for Leith, • when shbjvas Captured by a Swedish frigate, five German (piles off die coast of Norwáy.' The defendant produced-a Swedish sentence of condemnation for breaking the blockade of Norway. Held, that this-was con- ' elusive evidence of the breach of blockade, but-that it was not sufficieht evidence to fix thé master with barratry!. That cannot be done, unless he- act-Criminally ; .and to gay that he
 
 broke the
 
 blockade in disobedience to the instructions of his. owners, from some private interest, of his own,- was too strong an inference from the evidence as it stood.. The ship might have been bound fór Leith, and .y^t might have received instructions to touch at N'orway'; and for . other reasons she might have" gone thither, without -any imputation of- barratry. But the court did not decide whether the plaintiff could have recovered' without a count for barratry, nor whether, upon a count for barratry,the sentence for a breach of blockade would be1 conclusive. Everth
 
 et al.
 
 v. Hannam, 2
 
 Marshall's Rep.
 
 72. S. C. 6
 
 Taunt.
 
 375. Improper treatment.of the vessel -by the master, will not constitute barratry, although it tend to the destruction of the vessel, unless it be sjhown that he acted- against his own judgement. Todd v. Richie, 1
 
 Starkie's N. P.
 
 240.