## GUY and others *v.* CITIZENS' MUT. INS. CO.

*(District Court, S. D. Alabama.* February 23, 1887.)

MARINE INSURANCE—LOSS—SEAWORTHINESS—PLEADING.

In an action on a marine policy, unseaworthiness is a matter of defense, and must be pleaded and proved by the insurer. The presumption is in favor of seaworthiness, and the libelant, suing to recover a loss sustained by a peril of the sea covered by his policy, need not allege in his pleading that the implied warranty of seaworthiness was complied with.

In Admiralty. Suit on policy of marine insurance. The facts are sufficiently stated in the opinion.

*R. H. Clarke,* for Guy, Bevan & Co.

*J. L. & G. L. Smith,* for the insurance company.

TOULMIN, J. By the law of marine insurance there is an implied warranty in every insurance of a ship, and in every voyage policy, that the vessel shall be seaworthy; by which is meant that she shall be in a fit state as to repairs, equipment, and crew, and in all other respects, to perform the voyage insured, and to encounter the ordinary perils, at the time of sailing upon it; and, if she is not seaworthy for the voyage, there is a breach of the implied warranty. 1 Pritch. Adm. Dig. p. 987, § 1242; Id. p. 988, § 1249.

It is held that breaches of warranty are matters of defense, and must be pleaded by the insurer. I have found no case exactly like the one we are considering, but I find cases that I think are analogous, and are controlled by the same principles. For instance, in an action on a life policy, a condition of which was that the person whose life was insured had not been afflicted with certain specified disorders or any other complaint, the company pleaded that the assured had, at the time of the issue of the policy, symptoms of disease of the stomach. Here was an express warranty that the person whose life was insured was not afflicted with any complaint. The company claimed he was afflicted, and that there had been a breach of such warranty, and this was pleaded in defense. So in an action to recover the amount of a life policy, where the stipulations were that the insured should be of sober and temperate habits. Here again was an express warranty. The company pleaded, as a matter of defense, denying the sober and temperate habits of the insured. Now, these were cases of express warranty. Why should a different rule obtain in a case of implied warranty? I am of opinion that it does not.

Here the assured sues to recover on a marine policy of insurance on a cargo of lumber. He declares that the defendant issued a policy to him covering all risks and perils of the sea to such cargo, on a voyage from one given port to another; that such insurance took effect or attached; and that said cargo was lost by a peril of the sea on the voyage named. This makes out a *prima facie* case, and entitles the assured to recover. But the insurer says, in answer to the case made:

"It is true such policy was issued, and that the cargo has been lost by the perils of the sea; but it would not have been lost if the vessel had been seaworthy. There was an implied warranty that the vessel was seaworthy, and it was not so. There has been a breach of such warranty, and you are therefore not entitled to recover."

The ship is *prima facie* to be deemed seaworthy. 1 Pritch. Adm. Dig. p. 994, § 1311.

Her unseaworthiness is a matter of defense, and it devolves upon the insurer to plead it, and the *onus* is on him to prove it. Id. p. 994, § 1308; Id. p. 995, § 1313. The law presumes the ship to be seaworthy, and libelant need not in his pleading allege any matter of fact which the law presumes in his favor, or as to which the burden of proof lies on the other side. 2 Pritch. Adm. Dig. p. 1591, § 1213.

It has been held by the supreme court of Alabama that, in an action on a policy of marine insurance, a complaint which fully complies with all the requisites of the prescribed form in the Code is sufficient. This form does not contain an allegation of the seaworthiness of the vessel, and, if this is sufficient in a suit at common law, what more can be required by the simple rules of pleading that obtain in courts of admiralty, which pay so little regard to technical rules of pleading? *Phœnix Ins. Co.* v. *Moog,* 78 Ala. 284; 2 Pritch. Adm. Dig. p. 1590, § 1201, and footnote 394.

The exceptions are overruled.