## EARNMOOR *v.* CALIFORNIA INS. CO.

*(District Court, S. D. New York. January 6, 1890.)*

1. MARINE INSURANCE—ACTION ON POLICY—PARTIES.
   Upon a marine insurance policy issued to "A. E., upon account of whom it may concern, in case of loss, to be paid to him or order," where the insurance was effected for the benefit of the libelant, the owner at the time, *held*, that the suit was rightly brought in the name of the libelant, who was the insured under the policy.

2. SAME—PLEADING—INSURABLE INTEREST.
   The libel should show insurable interest in a vessel at the time the policy purports to take effect.

3. SAME—SEAWORTHINESS.
   It being settled in this circuit that seaworthiness is presumed, a libel on a marine policy need not allege seaworthiness. What need not be proved need not be averred. This rule promotes simplicity and certainty as to the real issue intended to be tried. The plea of unseaworthiness, if that issue is desired to be raised, comes more properly from the defense.

In Admiralty. Action on a policy of insurance.

*Wing, Shoudy & Putnam,* for libelant.

*George A. Black,* for respondent.

BROWN, J. The libel is filed to recover upon a maritime policy insuring "Alfred Earnshaw, on account of whom it may concern, in case of loss, to be paid to him or order." Exceptions are taken that the libel does not allege (1) any order or transfer from Earnshaw; nor (2) that the libelant had any interest in the policy when issued; nor (3) that the vessel was seaworthy.

1. The libel alleges that the libelant, at all times hereinafter mentioned, was the owner of the ship, and that "said insurance was made for and on behalf of the libelant." As the policy is expressed to be issued "on account of whom it may concern," the libelant, under that allegation of the libel, is the real party assured, if he was then the owner. Earnshaw is but the agent; and the action, in such case, may be brought in the name of the principal, without any written transfer, as was long since adjudged. *Sargent* v. *Morris,* 3 Barn. & Ald. 277, 280; *Farrow* v. *Insurance Co.,* 18 Pick. 53, and cases there cited. 1 Phil. Ins. 199. Subsequent provisions in this policy, moreover, expressly state that payments are to be made to the "assured;" and the assured, under a policy in this form, is the person for whom the insurance was effected, *i. e.,* the person who is the real party in interest. The word "him," in the phrase "him or order," includes the "assured" as well as Earnshaw; and no written order or transfer is needed, except to enable some third party

to claim payment. The principal may sue on such an insurance contract, made for his benefit. Story, Ag. §§ 160, 160a, 394.

2. I think the libel should show that the assured had an interest in the vessel when the policy was issued and purported to take effect. The word "hereinafter" does not strictly cover this point; doubtless by inadvertence.

3. It is the rule, in this circuit, at least, that in actions on marine policies of insurance the presumption is of the seaworthiness of the vessel, and that the *onus* of the defense of unseaworthiness is upon the underwriter. *Lunt* v. *Insurance Co.*, 6 Fed. Rep. 562, and cases cited; *Batchelder* v. *Insurance Co.*, 30 Fed. Rep. 459. See *Pickup* v. *Insurance Co.*, L. R. 3 Q. B. Div. 594. The primary rule in pleading is that what must be averred must be proved; and, conversely, that what the law presumes and need not be proved, need not be averred; also, that the plaintiff need not aver what more properly comes from the other side. 1 Chit. Pl. *221, *222. When, then, it is determined that no proof of seaworthiness need be given, all reason for requiring an averment of seaworthiness in the libel disappears. The defendant, if he wishes to raise that issue, can do so by his answer with equal convenience, and more properly; and this rule, in admiralty practice, tends to simplify the pleadings, to dispense with needless technicalities, and to promote certainty as to the real issues intended to be tried. All the references in adjudged cases to the need of averring seaworthiness proceed upon the supposed need of supplying some *prima facie* evidence of it. When the legal presumption dispenses with such proof, it should be held to dispense with the averment also; and, as I have said, this rule is a desirable and beneficial one in practice. *Guy* v. *Insurance Co.*, 30 Fed. Rep. 695. The first and third exceptions are therefore overruled; the second, sustained.