FRANKFORT MARINE, ACCIDENT & PLATE GLASS INS. CO. v. JOHN B. STEVENS & CO.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1915. Rehearing Denied March 8, 1915.)

No. 2397.

1. CORPORATIONS ⬦428—NOTICE TO CORPORATION—KNOWLEDGE OF OR NOTICE TO AGENT OR EMPLOYÉ.

Knowledge of an injury to a workman in the employ of a corporation, acquired by a foreman, also an employé, while not acting for the corporation, but for himself, does not charge the corporation with notice of the injury.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1748–1761; Dec. Dig. ⬦428.]

2. TRIAL ⬦235—INSTRUCTIONS—CAUTION AS TO ACCEPTANCE OF TESTIMONY.

An instruction that the jury should accept testimony of conversations and oral admissions with great caution, especially where there had been a considerable lapse of time since the conversations, held not erroneous, where the jury were also properly instructed that they were sole judges of the credibility of the witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 539–541, 543–548, 551; Dec. Dig. ⬦235.]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action at law by John B. Stevens & Co., a corporation, against the Frankfort Marine, Accident & Plate Glass Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hudson, Holt & Harmon, all of Tacoma, Wash., for plaintiff in error.

L. B. Da Ponte and J. W. Quick, both of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error issued its policy of insurance to the defendant in error, insuring it against loss on account of damages for bodily injuries or death suffered by any of its employés through accidental causes. While the policy was in force, and on or about July 19, 1909, one Merrill, an employé of the insured, was injured. On October 28, 1909, Merrill commenced an action against the defendant in error to recover damages. The insurance company refused to defend the action, and denied its liability on the policy, for the reason that notice of the accident had not been given it, in compliance with the provisions of the policy, which required that, upon the occurrence of an accident, the assured should immediately, "and at the latest within ten days," given notice in writing of such accident to the insurance company. Merrill recovered a judgment against the defendant in error, and thereupon the latter brought its action against the insurer to recover on the policy. The insurance company in its answer alleged the failure of the insured to give the notice required by the policy. Under the instructions of the court that there could be no recovery against the defendant in the action on account of the loss sustained in paying the judgment which Merrill recovered, because of its failure to give the ten days' notice, the jury returned a verdict in its favor. On writ of error to this court, the judgment was reversed; this court holding that the provision of the policy requiring immediate notice of an accident to any of the employés of the insured is to be given a reasonable and not a literal construction, and that it means notice within a reasonable time under all the circumstances, and that where it appeared that the insured did not know of the accident at the time when it happened, and gave notice to the insurance company immediately or within a reasonable time after learning thereof, the requirement of immediate notice was complied with. The cause was remanded to the court below for a new trial. Upon that trial the jury returned a verdict for the defendant in error. To review alleged errors on that trial, the cause is again brought to this court.

[1] Error is assigned to the ruling and instructions of the court in regard to certain testimony of Merrill and others as to conversations with Comstock, the foreman of the defendant in error. At the time of the accident Stevens was the president of the defendant in error, Moore the vice president, Comstock the day foreman, and Bass the night foreman. Stevens testified that he expected Moore, Comstock, or Bass to report cases of accident to the employés, and that in fact his corporation never received notice of the accident to Merrill until October 19, 1909. Merrill testified that about August 2, 1909, he had conversations with Comstock as to his accident; that Comstock was telephoned to and came to Merrill's house, and discussed with him the question of his wages and the liability of the company and other matters. The court instructed the jury to disregard the testimony as to declarations of and conversations with Comstock, unless they found that the plaintiff (the defendant in error here) sent Comstock to the hospital at the time of the conversation, and that, as there was no testimony to that effect, they should consider the conversations only

so far as they might tend to show what Comstock learned at the time when the accident happened, and that the conversations should be considered only in the event that they constituted an admission on Comstock's part that he knew from the beginning that Merrill was hurt, and the court directed the jury to disregard any admissions made by Comstock, because there was nothing to show that he was on the business of the company.

We are of the opinion that there was no error in the ruling or the instructions of the court. Comstock was not an officer of the corporation, but was a servant, with certain defined duties. There is no evidence that he was specially charged with the duty of reporting to the corporation accidents to the employés. The corporation looked to him, together with two others, to report accidents which might occur while the men were at work. The evidence was that Merrill did not consider his accident serious at the time when it occurred, that he continued at work as before for 12 days thereafter, and that until about the time when he went to the hospital he did not know that the ailment from which he was suffering was caused by the accident. The call which Comstock made at Merrill's house was in the evening and after working hours. He went upon his own accord, and not in compliance with any instruction from the defendant in error. He did not go in the discharge of any of the duties of his employment, and we think the court did not err in ruling that his employer was not chargeable with notice of anything said on that occasion, either by Comstock or Merrill, or other persons in their presence. As to the question of the competency of the testimony concerning what was said in the conversations at Merrill's house, as tending to show that Comstock had prior knowledge of the accident, or knowledge of it at the time when it occurred, it is sufficient to point to the fact that nothing appears in those conversations to show such prior knowledge on the part of Comstock.

Notice to and knowledge of the agent, acquired and present in his mind while he is exercising the powers and discharging the duties of his agency, are notice to and knowledge of his principal. Chicago, St. P., M. & O. Ry. Co. v. Belliwith, 83 Fed. 437, 28 C. C. A. 358. The knowledge acquired by the officer or agent of a corporation, while not acting for the corporation, but while acting for himself, is not imputable to the corporation. 10 Cyc. 1063. The general rule is that notice communicated to, or knowledge acquired by, officers or agents of corporations when acting in their official capacity, or within the scope of their agency, becomes notice to or knowledge of the corporation. 10 Cyc. 1054. And the same authority announces the rule that information communicated to an officer of a corporation on the street, touching a matter affecting the rights of the corporation, is not, as a matter of law, notice to the corporation.

[2] Error is assigned to the instruction of the court that certain evidence was to be accepted with great caution by the jury. The court said:

"In this case there has been testimony concerning conversations and admissions, oral admissions. The court instructs you that evidence of that kind should be accepted with great caution by the jury. Especially is that true

where a considerable lapse of time has intervened between the time of these alleged admissions or conversations and the time the witness testified. Counsel has pointed out some reasons for that, too. In addition to those pointed out by counsel would be the fallibility of the memory of the witness who undertakes to relate a conversation, as the meaning of persons often depends upon the arrangement of the words. The same words arranged differently often give a different impression, or a word omitted here or substituted there may change the whole meaning of a conversation; therefore that is why I instruct you that testimony of that kind should be accepted with caution."

The objection made to this instruction is that therein the court went beyond the right of the judge to comment on the credibility of witnesses and the weight of the evidence, and expressed a rule which is not a rule of law, a rule whose correctness, when applied to any particular case, depends on facts of which the jury should be the judges. We think the instruction was not improper. It expressed a permissible estimate of testimony such as that to which the jury's attention was directed, and if, indeed, it is to be taken as an expression of the opinion of the judge as to the credibility of witnesses, it did not transcend the power of the court, for it was coupled with an express instruction to the jury that they were the sole and exclusive judges of every question of fact in the case, and of the weight of the evidence and the credibility of the witnesses. Nome Beach Lighterage & Transp. Co. v. Munich Assur. Co. (C. C.) 123 Fed. 820; Lesser Cotton Co. v. St. Louis, I. M. & S. Ry. Co., 114 Fed. 133, 52 C. C. A. 95; Fuller v. New York Life Ins. Co., 199 Fed. 897, 118 C. C. A. 227; Fidelity Mutual Life Ass'n v. Jeffords, 107 Fed. 402, 46 C. C. A. 377, 53 L. R. A. 193.

There are other assignments of error, which present questions which were disposed of on the former writ of error, and need not be discussed here.

The judgment is affirmed.