## ROCKWOOD CO. v. NORTHWESTERN FIRE & MARINE INS. CO.

District Court, E. D. New York. May 4, 1928.

No. 2976.

1. Insurance ⟠646(2, 6)—Burden of proving that loss occurred by perils of sea, and that it had complied with marine policy, held on insured.

In action on marine insurance policy, burden of proving its allegation that loss occurred by perils of the sea, and that it had duly complied with terms and conditions of policy, was on insured.

2. Insurance ⟠646(6)—That marine insurer, denying damage resulted from perils of sea, pleaded separate defenses, held not to shift burden of proof to it.

Where marine insurer denied that damage to cargo resulted by reason of perils of sea, as alleged by insured, or that loss was one covered by marine policy, its further pleading of eight separate defenses, which in effect amplified its general denial, held not to cause burden of proof to shift from insured to it, as respects proving that loss was occasioned by perils of the sea, and that loss was covered by policy.

3. Insurance ⟠644—Plaintiff held not entitled to bill of particulars respecting defenses merely pointing out particular marine policy clauses violated (Civil Practice Act N. Y. § 247).

Under Civil Practice Act N. Y. § 247, providing for bills of particulars, and making the only penalty for failure to deliver bill of particulars when ordered the preclusion of evidence on affirmative allegations respecting which particulars have not been delivered, plaintiff, suing on marine policy, was not entitled to bill of particulars respecting insurer's defenses, which were not affirmative, but permissive, and merely pointed out particular policy clauses violated.

4. Pleading ⟠318(1)—Bill of particulars demanding particulars far beyond any to which plaintiff could be entitled, will be denied, in exercise of discretion.

Motion for bill of particulars, demanding particulars going far beyond any to which plaintiff could be entitled, and representing a fishing excursion for defendant's evidence, will be denied, in exercise of discretion.

At Law. Action by the Rockwood Company against the Northwestern Fire & Marine Insurance Company. On plaintiff's motion to compel defendant to give a bill of particulars of its several defenses. Motion denied.

Herman Goldman, of New York City, for plaintiff.

William F. Purdy, of New York City, for defendant.

CAMPBELL, District Judge. This is a motion made by the plaintiff to compel the defendant to give a bill of particulars of its several defenses. The plaintiff is suing on a policy of marine insurance covering a certain cargo of merchandise which was laden on board the lighter George. The cargo suffered damage, and the plaintiff alleges that this damage was caused by perils of the sea, and that such loss is covered by the policy of insurance issued by the defendant.

[1] The burden of proof in this action is upon the plaintiff to show that the loss occurred by perils of the sea, and that he has duly complied with the terms and conditions of the policy. Swan v. Union Insurance Co., 3 Wheat. 168, 4 L. Ed. 361; Richelieu Nav. Co. v. Boston Ins. Co., 136 U. S. 408, 10 S. Ct. 934, 34 L. Ed. 398; Bullard v. Roger Williams Ins. Co., Fed. Cas. No. 2122; Fireman's Fund Ins. Co. v. Compania De Navegacion, Interior, S. A. (C. C. A.) 19 F.(2d) 493.

[2] The defendant has by its answer denied that the loss resulted by reason of a peril of the sea, as alleged by the plaintiff, and further that the loss is one covered by the policy of insurance, and might well have stopped there; but, in addition, by pleading eight separate defenses it has amplified what was in effect its general denial, and in so doing it did not cause the burden of proof to shift to its shoulders, and relieve the plaintiff of his burden of proving that the loss was occasioned by perils of the sea, and that such loss is covered by the policy of insurance.

[3] The defenses separately pleaded by the defendant are not affirmative, but permissive, and simply point out to the plaintiff the particular clauses of the policy which plaintiff has violated; therefore the plaintiff is not entitled to particulars. Van Derwer-

ken v. Polachek; 205 App. Div. 847, 198 N. Y. S. 954. Section 247 of the Civil Practice Act reads as follows:

"Upon application in any case, the court, or a judge authorized to make an order in the action, upon notice, may direct a bill of the particulars of the claim of either party to be delivered to the adverse party, and in case of default the court shall preclude him from giving evidence of the part or parts of his affirmative allegation of which particulars have not been delivered."

This is the section under which applications for bills of particulars must be made by the statutes of the state of New York, and it is evident that it was not the intention to require a bill of particulars for permissive, but only for affirmative, defenses, generally counterclaims, because the only penalty for a failure to deliver a bill of particulars when ordered is to preclude the giving of evidence of the part or parts of the affirmative allegations of which particulars have not been delivered.

Union Insurance Co. v. Smith, 124 U. S. 405, 8 S. Ct. 534, 31 L. Ed. 497, cited by plaintiff's counsel, is not in point, and a reading of the whole opinion shows the holding to have been contrary to what would appear from the portion cited. American Merchant Marine Ins. Co. v. Liberty S. & G. Co. (C. C. A.) 282 F. 514, Nome Beach Lighterage & Transp. Co. v. Munich Assur. Co. (C. C.) 123 F. 820, Earnmoor v. California Ins. Co. (D. C.) 40 F. 847, Guy v. Citizens' Ins. Co. (D. C.) 30 F. 695, and Adderly v. American Mutual Ins. Co. of Baltimore, Fed. Cas. No. 75, cited by plaintiff's counsel, are not in point; they do not relate to bills of particulars, but simply hold, as does Fireman's Fund Ins. Co. v. Globe Nav. Co. (C. C. A.) 236 F. 618, 623: "The burden of proving that a vessel is unseaworthy lies upon the insurance company. The presumption of law is that every vessel is seaworthy until the contrary is proved." There is no allegation of unseaworthiness in the case at bar.

[4] The allegations of the separate defenses in the answer in the case at bar seem to differ somewhat in form from those in Goldberg v. National Surety Co., 186 App. Div. 516, 174 N. Y. S. 562. The allegations of the special defenses in the answer in the case at bar differ greatly from those in Cunard v. Francklyn, 111 N. Y. 511, 19 N. E. 92, and in my opinion those cases are distinguishable. But, even if I felt that plaintiff was entitled to any particulars of the defendant's defense, which I do not, I would deny this motion in the exercise of discretion, because the particulars demanded go far beyond any to which plaintiff could be entitled, and represent a fishing excursion for the defendant's evidence, and in fact the separate defenses are in reality a bill of particulars of the clauses of the policy of insurance which defendant contends defeat plaintiff's claim of coverage, or with which plaintiff has failed to comply. The granting of the bill rests in the discretion of the court. Cunard v. Francklyn, supra.

Motion denied.