## HAZELTINE CORPORATION v. RADIO CORPORATION OF AMERICA.

District Court, S. D. New York.
Nov. 22, 1932.

Pennie, Davis, Marvin & Edmonds, of New York City (R. Morton Adams, of New York City, of counsel), for plaintiff.

Stephen H. Philbin, of New York City, for defendant.

WOOLSEY, District Judge.

This motion is denied.

I. In Hazeltine Corporation v. Radio Corporation of America (D. C.) 52 F.(2d) 504, I held plaintiff's patent No. 1,533,858, for plate circuit neutralization in radio receiving sets, was valid, and that the defend-ant had infringed claims Nos. 1, 2, 5, 9, 11, 12, 14, and 16.

The bill of complaint which was filed in November, 1927, contained an allegation in paragraph 12 as follows: "That apparatus manufactured under said Letters Patent No. 1,533,858 and embodying the inventions thereof has been marked, ever since the issuance of said Letters Patent, by affixing thereto the word 'Patented', together with the day and year the patent No. 1,533,858 was granted, and that defendant has been notified of the issuance of U. S. Letters Patent No. 1,648,808."

The case was tried before me in March, 1930, at which time a stipulation in regard to patent No. 1,533,858 was made between counsel for the parties as follows: "That the issue of whether or not, since the issuance of the patent in suit and prior to the alleged infringement by defendant, apparatus manufactured by license under said Letters Patent has been marked with the proper notice as provided by Revised Statutes, § 4900 [35 USCA § 49] is reserved to such accounting proceedings, if any, as may be ordered, without prejudice to the respective rights of the parties hereto."

My decision in plaintiff's favor was handed down in September, 1931, and was affirmed on appeal in June, 1932. 59 F.(2d) 203 (C. C. A. 2).

Now, after abortive attempts at settlement, the cause is about to proceed, five years after it was brought, before the master appointed to hear the accounting, and the plaintiff moves for an amendment of the complaint by adding thereto the following paragraph: "16. That defendant was duly notified of its infringement of the said Letters Patent No. 1,533,858 and continued its infringement thereafter; and that as to the said patent, plaintiff has in all respects duly complied with section 4900 of the Revised Statutes."

II. This motion is predicated on the claim that in September, 1927, only two months before this suit was brought, certain conversations occurred between Mr. John R. Binns, treasurer of the plaintiff corporation, and Mr. David Sarnoff, then vice president and general manager of the defendant corporation, at or on the way to a trade meeting of electrical manufacturers at Association Island, and that during these conversations Mr. Sarnoff admitted that the defendant was manufacturing a receiving set identical to that of Atwater Kent Company, and that if the Hazeltine Corporation won a suit it then

had pending against the Atwater Kent Company the defendant would be open to attack as an infringer and, consequently, it was going to defend the Atwater Kent suit with its own experts.

It is not claimed that plaintiff's patent No. 1,533,858, covering plate circuit neutralization, was shown at the time to Mr. Sarnoff, or that any specific statement was made to him by Mr. Binns that Radiolas 16 and 17 were infringing that patent, and that the defendant would be held liable therefor as was done in New York Pharmical Association v. Tilden et al. (C. C.) 14 F. 740, where oral notice was sustained.

I do not think therefore that, taking the plaintiff's papers at their face value, a notice under title 35, U. S. Code, § 49 (35 USCA § 49), as to patent No. 1,533,858 is made out.

■ III. Moreover, letting the plaintiff have the benefit of every doubt, i. e., considering that the notice was in form sufficient if given under proper circumstances, I do not think that the social conversations described in the moving papers can properly be considered to have had the legal effect of such a notice as title 35, U. S. Code, § 49 (35 USCA § 49), requires.

The conversations here described were not carried on at arm's length by Mr. Binns and Mr. Sarnoff in their respective official capacities. They were, with others, on what may be called a business holiday in which their relation was social pro hac vice. Their guards were down. Indeed, Mr. Binns in his contemporaneous memorandum states that the above-mentioned matters and others not relevant here were told to him more or less confidentially by Mr. Sarnoff.

I think, therefore, that Mr. Binns was, if I may so express it, socially estopped to use anything Mr. Sarnoff said in the manner in which it is now sought to use it. Otherwise friendly contacts between men in the same trade, which means so much in the lubrication of business relationships, would not be safe; for informal talk would be found unexpectedly to be affecting legal relations. Cf. Frankfort M., A. & P. G. Ins. Co. v. John B. Stevens & Co., 220 F. 77, 79 (C. C. A. 9); McDermott v. Hayes, 197 F. 129, 135 (C. C. A. 1).

This feeling may, indeed, have been the reason why the plaintiff did not try to treat what happened as a notice of infringement and ask its counsel to allege notice in its complaint herein, which was filed about two months later.

Consequently, I hold that to grant this motion would be futile, because the evidence which is indicated by the affidavits would not achieve the plaintiff's objective of establishing notice of infringement.

■ IV. But whether I am right or wrong as to the adequacy of the evidence set forth in the affidavits, or as to its juridical status, in any event, I think that the plaintiff's application for this amendment comes too late.

The suggested amendment changes the basis of the measure of damages in this cause; and does this, I believe, in a way necessarily prejudicial to the defendant's rights.

Certainly it seems to me that in view of the fact that the state of the pleadings has remained undisturbed these five years is adequate reason for holding that as the plaintiff, on bringing suit, elected its basis for damages, it should not be allowed to mend its hold at the present stage of the proceeding. Such long delay as this in asking for this change necessarily makes it unfair to ask the defendant to meet now a newly introduced issue which has to be contested on oral evidence, and consequently is ample ground for refusing in my discretion to grant the relief here sought. Cf. Murray v. Detroit Wire Spring Company, 251 F. 59, 62 (C. C. A. 6).

Settle order on notice.