NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

MAR 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| In re HENRY ISAAC BUSHKIN,<br><br>Debtor.<br><br>————————————————————<br><br>BRUCE SINGER and SINGER FINANCIAL CORPORATION,<br><br>Appellants,<br><br>v.<br><br>HENRY ISAAC BUSHKIN,<br><br>Appellee. | No. 16-55644<br><br>D.C. No. 2:15-cv-06489-CJC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 9, 2018**
Pasadena, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and HURWITZ, Circuit Judges, and KORMAN,[***] District Judge.

Henry Bushkin and Bruce Singer agreed to create a book about the comedian Johnny Carson. Singer Financial Corporation ("SFC") fronted the money, and Bushkin agreed to write. The book ultimately did well, but before Bushkin could realize significant profits, he declared bankruptcy. Under the terms of the collaboration, Bushkin owed money to SFC, but in his bankruptcy filings he listed Singer—not SFC—as a creditor. Notice was mailed to Singer of the deadline to object to any discharge of Bushkin's debt.

The deadline came and went without objection, and the bankruptcy court discharged Bushkin's debts. Eventually, both Singer and SFC disputed the discharge, claiming that they never received notice of the bankruptcy or their chance to object. The bankruptcy court rejected their argument, applying the rule that properly addressed letters are presumed received. *See, e.g.*, *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 921 (9th Cir. 2013).

On appeal, the primary question is the burden of proof. We answered that question in *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 206–07 (9th Cir. 1991) (per curiam), in which we held that when notice is mailed to a creditor, it is

---

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

presumed received unless the bankruptcy court finds otherwise by clear and convincing evidence, a finding we review for clear error. Singer's evidence that he did not receive the notice may be plausible, but it is not akin to what *Bucknum* suggested would be sufficient, and we cannot say that the bankruptcy court clearly erred in finding it less than clear and convincing. We thus affirm the bankruptcy court's decision to reject Singer's untimely objection. We affirm as to SFC for the same reason: although the notice was not mailed with SFC's name on the envelope, notice was mailed to Singer, and Singer was the registered agent for SFC. *See, e.g., Frankfort Marine, Acc. & Plate Glass Ins. Co. v. John B. Stevens & Co.*, 220 F. 77, 79 (9th Cir. 1915).

Singer and SFC also object to the bankruptcy court's dismissal of their request for a declaratory judgment that they owned rights to the book, rights that were never part of the bankruptcy estate. The bankruptcy court correctly denied that judgment because it would not have done any good. *See Bilbrey ex rel. Bilbrey v. Brown*, 738 F.2d 1462, 1470 (9th Cir. 1984). As the district court explained:

> [T]he bankruptcy court could have decided what rights, exactly, belonged to Bushkin's estate. But Singer and SFC's claims against *those* rights were discharged. And even if the bankruptcy court had figured what proportion of the rights—if any—belonged to Singer and SFC, and not to the estate, an action to collect on those rights would not have been a "matter[] concerning the administration of the estate." 28 U.S.C. § 157(b)(2)(A).

Because we rule against Singer and SFC on their other claims, their claim for an accounting of the book's profits, a derivative remedy, was also inappropriate. *See Faivre v. Daley*, 29 P. 256, 258–59 (Cal. 1892); *Duggal v. G.E. Capital Commc'ns Servs., Inc.*, 96 Cal. Rptr. 2d 383, 393 (Ct. App. 2000).

**AFFIRMED.**