ATTORNEY GENERAL *vs.* MASSACHUSETTS BENEFIT LIFE ASSOCIATION.

Suffolk.    December 12, 1898. — May 19, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Assessment Insurance Company — Emergency Fund — Trust in Lands — Statute — Notice — General Creditor.*

The fact that real estate held by an assessment insurance company is subject to a trust for the payment of death or disability claims is not sufficient of itself to take it out of the operation of Pub. Sts. c. 141, § 3, which provides that "no trust concerning lands" shall "prevent a creditor who has no notice of the trust from attaching the premises"; and where there is no reference in the decree of a single justice to the question whether the creditor had notice of the trust or not, the decree will be reversed, and the case will stand for hearing on the question of notice.

The contention of a receiver of an assessment insurance company, on a petition relative to the attachment by a creditor of certain real estate which is subject to a trust for the payment of death or disability claims, that so far as the respondent's relation to the fund is that of a *cestui que trust* he can only reach it by proceedings in equity, is unsound, as the respondent can pursue any remedy of which a general creditor can avail himself.

PETITION, filed February 14, 1898, by the receivers of the Massachusetts Benefit Life Association, praying for an injunction to restrain one David Cummings from the prosecution of the attachment of certain real estate, and that the attachment be dissolved.

The petition alleged that Cummings was the holder by assignment of a death claim arising upon two policies issued by the association to one of its members; that on June 30, 1897, before the filing of the petition in this cause, Cummings brought suit upon the death claim and caused to be made and recorded a general attachment purporting to cover all the real estate of the association in Suffolk County; that there then stood in the name of the association two parcels of land, with buildings thereon, in said county, each of which had originally been mortgaged to the association; that each of the mortgages so taken represented an investment by the association of moneys accumulated as and for an emergency fund, under the provisions of St. 1885, c. 183, § 8, and St. 1890, c. 421, § 14; and that the association foreclosed these mortgages in 1895, and thereafter to the filing of the bill in this cause held the real estate, as it had held the mortgages, as a portion of its emergency fund.

The following decree was entered:

" This cause came on to be further heard upon the petition of the receivers, alleging the attachment by David Cummings of certain property claimed by the receivers to be a portion of the emergency fund of the defendant association accumulated and held by said association under the provisions of St. 1890, c. 421, § 14, and praying that said property be declared a trust fund, and that said Cummings be enjoined from further prosecuting his attachment thereof; and after argument by counsel, and upon consideration thereof, it is ordered, adjudged, and decreed as follows; namely, —

" The property attached by said Cummings is declared by the court to be a portion of the emergency fund of said defendant

association, and as such to be trust property to be administered by the receivers under the provisions of St. 1890, c. 421, § 14.

"Said respondent David Cummings, his agents and attorneys, are perpetually restrained and enjoined from further prosecuting his said attachment of said property."

Cummings appealed to the full court.

The case was argued at the bar in December, 1898, and afterwards was submitted on briefs to all the justices except *Field*, C. J.

*J. W. Spaulding*, for Cummings.

*B. N. Johnson*, for the receivers.

MORTON, J.   We assume that the real estate to which this petition relates constituted a part of the emergency fund of the association, and therefore under the statutes relating to such associations was held by it in trust for the payment of death and disability claims.   St. 1890, c. 421, § 14.   St. 1885, c. 183, § 8. Each of the parcels had originally been mortgaged to the association, and each mortgage represented an investment by the association of a portion of its emergency fund.   But previous to the attachment by the respondent Cummings, both of the mortgages had been foreclosed by the association for the non-payment of principal and interest, and at the time of the attachment the association held the land in fee.   There was nothing, however, on record to show that the association held it in trust.   By Pub. Sts. c. 141, § 3, it is provided that "no trust concerning lands . . . shall defeat the title of a purchaser for a valuable consideration and without notice of the trust, nor prevent a creditor who has no notice of the trust from attaching the premises."   The questions are whether the attachment in this case stands any differently from any other attachment of trust property made by a creditor without notice of the trust, and if it does not, whether the respondent Cummings had notice of the trust.   The statute is broad in its terms, and makes no exception in regard to the nature of the trust.   It expressly declares that no trust shall prevent a creditor who had no notice of it from attaching the premises.   Assuming that through the foreclosure of a mortgage in which emergency funds had been properly invested, a beneficiary association may become possessed of real estate which it holds upon the same trust as that

upon which it held the mortgage, there is nothing in the statute to show that such real estate stands any differently from any other real estate held in trust and attached by a creditor without notice of the trust. Strictly speaking, however, a beneficiary association can invest its emergency fund only in such securities as insurance companies are allowed to invest their capital in, and these securities to an amount not less than one assessment must be deposited with the insurance commissioner. A creditor who should attempt to reach and apply them of necessity would have notice that they constituted a trust fund for the payment of death and disability claims. That would not be the case with real estate standing on the records as this did. There is no provision in the statutes relating to beneficiary associations exempting from attachment real estate held as this was. And we think that the fact that it was subject to a trust for the payment of death or disability claims is not sufficient of itself to take it out from the operation of Pub. Sts. c. 141, § 3.

The petitioner contends that, so far as the respondent's relation to the fund is that of a *cestui que trust*, he can only reach it by proceedings in equity. But the respondent was a general creditor. His claim against the association was not limited to a share of the emergency fund. He could pursue any remedy of which a general creditor could avail himself. His claim to hold the real estate which he has attached does not rest on the ground that that constitutes a part of the emergency fund and that he is entitled to share in the fund, but on the ground that he is a creditor generally of the association. Possibly, if he should attempt to prove against the emergency fund, he might be required, as a condition of being allowed to prove, to relinquish any advantage that he had obtained by his attachment. But if he sees fit to abandon any lien that he has upon the emergency fund as such, and pursue other remedies, we do not see why he may not do so. It is admitted that there were in the possession of the association funds that did not belong to the emergency fund.

As we interpret the record, no testimony was introduced at the hearing, but the case was heard upon the facts stated and admitted in the petition and answers. The decree recites: " This cause came on to be further heard upon the petition of

the receivers alleging the attachment by David Cummings of certain property claimed by the receivers to be a portion of the emergency fund of the defendant association, accumulated and held by said association under the provisions of St. 1890, c. 421, § 14, and praying that said property be declared a trust fund, and that said Cummings be enjoined from further prosecuting his attachment thereof." There is no reference in the decree to the question whether Cummings had notice of the trust or not. His answer expressly denies that he had such notice; and we infer that the receivers were content to go to a hearing upon the other facts stated and admitted in the petition and answer, and that in the view of the court the question whether Cummings had notice of the trust was immaterial.

The result is that we think the decree should be reversed, and the case stand for hearing on the question of notice.

*So ordered.*