### McDERMOTT v. HAYES (two cases).

#### (District Court, D. Massachusetts. March 11, 1912.)

#### Nos. 207, 208 (C. C. Nos. 859, 860).

ATTACHMENT (§ 293*)—MOTION TO DISSOLVE—PROTECTING RIGHTS OF INTERVENER.

Under the facts appearing, a receiver, who had attached property conceded to in fact belong to an intervener, required to give bond for the protection of the intervener's rights; the attachment to otherwise be dissolved.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 640, 641; Dec. Dig. § 293.*]

At Law. Actions by Frank P. McDermott, receiver, against Alfred S. Hayes. On intervening petition and demurrer thereto. Order requiring plaintiff to give bond.

Nelson B. Vanderhoof, for plaintiff.

Alfred S. Hayes, for defendant.

ALDRICH, District Judge. This case has been heard upon briefs and orally. The intervening petition is received nunc pro tunc, and as of a time anterior to the appointment of Mr. Charles K. Darling as master. The fact being found, and it being conceded on the oral arguments, that the property attached in fact belongs to the intervening party it seems to me that a situation is created in which it is at least doubtful whether the attachment by a receiver should be upheld without some safeguard to the actual owner, who manifestly is being damaged by the existence of the attachment.

Query, whether an attachment by a receiver stands quite like the ordinary one by an attaching creditor; but, whether it does or not, an attachment, without actual notice by a creditor, who has parted with nothing on the strength of the record, does not stand quite like a bona fide purchaser without notice, who pays out money in reliance upon the record title.

To the end that both parties shall be safeguarded, it is ordered that the attachment be dissolved unless within five days the receiver

give bond in the sum of $20,000, conditioned upon the payment of all damage sustained by reason of the attachment, in the event of its being held invalid in this intervening proceeding or elsewhere.

. There is considerable to be said in favor of the position that there was enough known by the defendant company to put it upon inquiry. The party in whom the title stands, and who is the defendant, was at the time the title was created an officer in the Continental Telephone Company, of which the plaintiff is now the receiver. The defendant was a director, a member of the executive committee, assistant treasurer, and secretary of the board of directors. He, at least, had actual knowledge of the trust. Whether that is the legal knowledge of the company, or actual knowledge of the company, I do not undertake to determine, or whether that alone was enough to put the company on inquiry; but influenced somewhat by the strong equitable grounds of actual conceded ownership by the intervening party, somewhat by the status of the receiver as an attaching creditor, somewhat by circumstances in respect to the duty to inquire, somewhat by the question of actual notice of an officer of the company, and somewhat by the strong case made that the receiver has adequate security without the attachment in question, I am inclined to make the order indicated above.

Therefore it is ordered that the attachment of the property described in the intervening petition be dissolved, unless the attaching creditor within five days shall file with the clerk a bond conditioned as above indicated, and to his satisfaction.

The above order applies to each of the law cases, numbered 859 and 860.

If an equitable appeal is taken in favor of any party aggrieved, and such appeal shall be held not the remedy, on the ground that it should have been by writ of error, then it is understood that the right of exception shall not have been prejudiced by reason of the lapse of time.