McDERMOTT v. HAYES et al. (two cases).

(Circuit Court of Appeals, First Circuit. June 18, 1912.)

Nos. 968, 969.

**1. COURTS (§ 346*)—FEDERAL COURTS—REMEDIES—ATTACHMENT—PROPERTY SUBJECT.**

Under Rev. St. §§ 915, 933 (U. S. Comp. St. 1901, pp. 684, 689), providing that in common-law cases in the Circuit and District Courts plaintiff shall be entitled to remedies by attachment similar to those provided by the laws of the state, and that an attachment shall be dissolved when any contingency occurs by which, according to the laws of the state, the attachment would be dissolved on like process instituted in the state courts, a plaintiff in an action at law in the Circuit Court for the District of Massachusetts, who attaches real estate in Massachusetts, is governed by Rev. Laws Mass. c. 147, § 3, providing that no trust implied by law or declared by the parties shall prevent a creditor, having no notice of the trust, from attaching the land as if no trust existed, and he may attach the real estate of his debtor held by him under an oral trust of which plaintiff has no notice.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 918; Dec. Dig. § 346.*

Issuance of attachment following state practice. See notes to O'Connell v. Reed, 5 C. C. A. 606; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 393.]

**2. TRUSTS (§ 136½*)—CREDITOR OF TRUSTEE—ORAL TRUST—NOTICE TO ATTACHING CREDITOR—"SUBJECT TO ATTACHMENT."**

The receiver of a company suing at law attached the real estate standing in the name of defendant who had been an officer of the company at the time of the accrual of the cause of action. Defendant held the title under an oral trust in favor of a third person. At the time he so acquired it, the company had no interest in it or in the third person, and defendant was under no obligation to communicate to the company the facts of the third person's interest. Held that, since there was no presumption that the third person communicated the facts to the company and since defendant's knowledge unconnected with the business of the company was not chargeable to it, the receiver was not chargeable with knowledge of the oral trust, and the real estate was subject to attachment within Rev. Laws Mass. c. 147, § 3.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 182; Dec. Dig. § 136½.*

For other definitions, see Words and Phrases, vol. 7, pp. 6712–6718; vol. 8, p. 7807.]

**3. CORPORATIONS (§ 428*)—NOTICE TO OFFICERS—EFFECT.**

Notice to an officer of a corporation is not such notice to it as will affect its rights, unless such notice is in regard to a matter coming within the officer's sphere of duty while attending to the business of the corporation and acquired while so acting.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1748–1761; Dec. Dig. § 428.*]

**4. TRUSTS (§ 136½*)—CREDITOR OF TRUSTEE—REMEDY—NOTICE OF TRUST.**

An affidavit by defendant in support of his motion to dissolve an attachment of real estate situated in a county in Massachusetts, which alleges that he holds such real estate under an oral trust in favor of a third person, but which does not disclose that he holds property in other counties in the state under a similar trust, does not give notice to plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff of an oral trust affecting the real estate in the other counties, and the same may be subsequently attached.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 182; Dec. Dig. § 136½.*]

5. APPEAL AND ERROR (§ 99*)—FINAL DECREE.

Where, in actions at law in which plaintiff attached real estate, a third person intervened, and alleged that defendant held the legal title under an oral trust in favor of the third person and prayed for relief obtainable only in equity, a decree conditionally dissolving the attachment is appealable as a final decree in equity, though the intervening petition is ancillary to the original actions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 661–669; Dec. Dig. § 99.*]

Appeals from the District Court of the United States for the District of Massachusetts.

Actions at law by Frank P. McDermott, receiver, against Alfred S. Hayes, in which Willard G. Nash intervened. There was an order of the District Court (194 Fed. 902) discharging attachments made by plaintiff, unless he executed a bond to protect the rights of the intervener, and plaintiff appeals. Reversed.

Nelson B. Vanderhoof, of Boston, Mass., for appellant.

Alfred S. Hayes, of Boston, Mass., for appellees.

Before PUTNAM, Circuit Judge, and BROWN and HALE, District Judges.

HALE, District Judge. This is an appeal in these two cases from the decree of the District Court upon the intervening petition of Willard G. Nash. The record shows that the cases are actions at law, begun by writs dated September 28, 1911, and entered at the October Term, 1911, of the Circuit Court for the District of Massachusetts. On October 2, 1911, the plaintiff made an attachment on these writs of all the right, title, and interest, which the defendant had in and to any and all real estate in the county of Suffolk. On October 26, 1911, the defendant, Hayes, filed a motion in each case for the discharge of the attachments of real estate in Suffolk county. These motions describe the parcels attached, and recite that, although the record title to those parcels stood in the name of the defendant, Hayes, he was not in fact the owner thereof, but held the same as trustee for one Willard G. Nash, and for the creditors of Nash, whereupon the plaintiff moved that a special precept be issued in each case to attach any real estate of the defendant, Hayes, in Middlesex county, and in Norfolk county, and on the same day the motions were allowed, special precepts were issued, and on October 30, 1911, attachments were made of any real estate standing in the name of the said Alfred S. Hayes, in Middlesex and Norfolk counties. On November 7, 1911, the defendant Hayes filed a motion in each case for the discharge of said attachments of real estate in Middlesex and in Norfolk counties. These motions describe the parcels of land under attachment, and ask that the attachments be discharged, for the reason that,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

although the record stood in the name of the defendant, Hayes, he did not own said real estate, but held it in trust for Willard G. Nash and Nash's creditors. At a hearing in the Circuit Court on motions to release the attachments, it was ordered by the court that matters of fact under these motions be found by a master. Charles K. Darling, who was appointed master, filed his report on December 11, 1911, finding in substance as follows:

(1) That the real estate under attachment was conveyed to the defendant, Hayes, by Nash in fee simple.

(2) That the defendant, Hayes, had made an oral agreement with said Nash, and the latter's creditors, to hold the said real estate as trustee for them.

(3) That there was no written agreement, memorandum, or declaration of trust between the defendant, Hayes, and Nash as to said real estate, either in the deeds of conveyance or elsewhere.

(4) That there was a power of attorney on record from said Nash to the defendant, Hayes, but that said power contained no express reference to any trust.

(5) That the motions to discharge the Suffolk county attachments, and the accompanying affidavits, contain no reference to, or notice of, a trust regarding the real estate afterwards attached by the plaintiff in Middlesex and Norfolk counties.

(6) That said causes of action against the defendant, Hayes, accrued prior to the appointment of the plaintiff, as receiver of the Continental Company. That at the time said actions accrued the defendant, Hayes, was a director, a member of the executive committee, assistant treasurer and secretary of said corporation. That no official of said company (except the defendant, Hayes) or any one else connected with said company had knowledge of said oral trust agreement. That neither the plaintiff receiver, nor his counsel, had any knowledge of said oral trust until after the filing of the aforesaid motions to dissolve the Suffolk county attachments (which motions and affidavits set forth the oral trust agreement only as regards said Suffolk county real estate and not as regards the Middlesex and Norfolk real estate subsequently attached). That at the time of making the Suffolk county attachments the plaintiff receiver and his counsel had no knowledge of said trust and acted in good faith and in the belief that the land in question was the property of the defendant, Hayes; and that as to the subsequent attachments in Middlesex and Norfolk counties they had no notice, "unless as a matter of law the aforesaid affidavits filed by the defendant, Hayes, in regard to the Suffolk county attachments, constitute such notice," upon which the master did not pass.

On February 15, 1912, a hearing was held in the District Court, the cases having come over from the Circuit Court. Upon the suggestion of the learned judge sitting, the motions and affidavits to which we have referred were then supplemented by an intervening petition filed by Willard G. Nash, asking for·the dissolution of the plaintiff's attachments, for the reasons set forth in the motions to which we have referred. This petition was filed nunc pro tunc, and

the hearing proceeded upon it. The master's report was considered as having been made upon the intervening petition. To this petition the plaintiff receiver demurred, on the ground that it did not show that the plaintiff had notice or knowledge, as required by the statutes of Massachusetts, at the time the attachments were made, that the property was held by the defendant, Hayes, on an oral trust for the benefit of Nash, the petitioner, and on the further ground that the petition was founded on a trust agreement not in writing as provided by the statutes of Massachusetts. On March 11, 1912, the District Court entered its interlocutory decree ordering that the attachmens be dissolved unless within five days the plaintiff receiver give a bond in the sum of $20,000, conditioned upon the payment of all damage sustained by reason of the attachments, in the event of their being held invalid in the intervening petition, or elsewhere. 194 Fed. 902. Although the District Court did not affirmatively overrule the plaintiff's demurrer, the action of the court reached that substantial result. On March 16, 1912, the plaintiff receiver appealed in each case, and filed his assignment of errors and his appeal bond. And thus the cases come before us.

[1] 1. Should the District Court have sustained the appellant's demurrer?

The District Court substantially overruled the demurrer by a decree dissolving the plaintiff's attachments of real estate.

It is now urged by the appellant that the petition, to which he has demurred, failed to allege that the appellant, the plaintiff, had notice of the oral trust agreement set out in the petition, at the time the attachments were made, as required by the statutes of Massachusetts. The following statute is brought to our attention (Revised Laws, c. 147, § 3):

"No trust concerning land, whether implied by law or created or declared by the parties, shall defeat the title of a purchaser for a valuable consideration and without notice of the trust, nor prevent a creditor who has no notice of the trust from attaching the land or from taking it on execution in like manner as if no such trust existed."

Section 915 of the United States Revised Statutes provides that in common-law causes in the Circuit and District Courts the plaintiff shall be entitled to remedies, by attachment or other process, against the property of the defendant, similar to those which are provided by the laws of the state in which such court is held for the courts thereof. In Schunk v. Moline, Milburn & Stoddart Co., 147 U. S. 507, 13 Sup. Ct. 416, 37 L. Ed. 255, the Supreme Court gives force to this statute, in matters where the jurisdiction of the court is in question. By section 933, Revised Statutes of the United States, Congress has provided further that:

"An attachment of property upon process instituted in any court of the United States, to satisfy such judgment as may be recovered by the plaintiff therein, except in cases mentioned in the preceding nine sections, shall be dissolved when any contingency occurs by which, according to the laws of the state where said court is held, such attachment would be dissolved upon like process instituted in the courts of said state: Provided, that nothing

herein contained shall interfere with any priority of the United States in payment of debts."

Under the statutes of the United States, and in pursuance of the practice of federal courts, it is clear that chapter 147, § 3, of the Revised Statutes of Massachusetts, applies in this proceeding. The statute has received the interpretation of the Massachusetts court in Attorney General v. Massachusetts Benefit Association, 173 Mass. 378, 53 N. E. 879, where the court said:

"The statute is broad in its terms and makes no exception in regard to the nature of the trust. It expressly declares that no trust shall prevent a creditor who had no notice of it from attaching."

In that case the attachment was the same in form and substance as the attachments in the cases now before us. In United States v. Canal Bank, 3 Story, 79, 82, Fed. Cas. No. 14,715, Judge Story said:

"I understand that, under the local laws of Massachusetts and Maine (which upon this subject are the same), it has been held, that the attaching creditor is entitled to a prior satisfaction, out of the real estate attached, if he has not, at the time of the attachment, any notice of the prior unrecorded deed."

Judge Story also gives his opinion that in states where there is no such local statute an attaching creditor in all cases, except cases of fraud or gross negligence, can entitle himself only to the same interests and rights in the estate attached as the debtor himself has, or would have at the time of the attachment, against the purchaser. The law, when unaffected by local statute, is clearly stated in Drake on Attachment (7th Ed.) § 234, and cases cited. But it is not necessary for us to consider what the law would be, apart from the statute of Massachusetts; for in these cases, as we have seen, we are bound to follow that statute.

In the proceedings at bar the matter is presented in a somewhat informal way, as we have already suggested. If, however, we proceed upon the idea that in the Circuit Court the matter was heard on demurrer, it will be seen that the appellant demurred to the petition upon grounds which we have already stated. It seems clear that the appellant can be held to have admitted by his demurrer only what is stated in Nash's petition, namely, that the real estate, although it stood in the name of the defendant, was the property of the petitioner, "and that the same stood in the name of the defendant upon an oral trust, which said oral trust has been found by a master upon a reference of that question, the same being already on file in this cause." From the record it appears, then, that the appellant admitted in his demurrer only the facts found by the master, the substance of which we have already stated. The master has covered the question of actual notice by his finding that the appellant and his attorney "had no knowledge of said trust, and acted in good faith and in the belief that the land in question was the property of the defendant, Hayes, as evidenced by the deeds and power of attorney on record." The master did not pass upon the question whether the appellant had any notice other than actual notice, believing that this was a matter of law for the court to decide. By his

report, however, it appears that no official of the Continental Company—and no one else connected with the company—except the defendant, Hayes, had knowledge of the oral trust agreement. The petitioner, Nash, asserts:

"(1) That inasmuch as the defendant, Hayes, at the time said causes of action accrued, was an officer of the Continental Telephone Company, the real plaintiff in these actions, acting through its receiver, the appellant, and inasmuch as said oral trust agreement between Hayes and Nash existed at the time the actions accrued, therefore the company and its receiver must be held to have had constructive notice of the oral trust agreement.

"(2) That the motions and affidavits of the defendant, Hayes, filed soon after the attachments of the Suffolk county real estate, and setting forth the trust agreement as regards Suffolk county, constitute notice to the appellant of the oral trust regarding the Norfolk and Middlesex real estate.

"(3) That a certain power of attorney from Nash to Hayes, recorded with the Suffolk county deeds September 2, 1909, constitutes notice to the appellant of the oral trust agreement."

[2] This is not a case in which it is sought to charge the principal with notice of matters within the knowledge of the agent. Such cases have usually arisen where the principal has brought suit against some third person, or is being sued by some third person; and the knowledge imputed to the principal has been concerning something within the scope of the agent's authority. In the cases at bar the principal has brought suit against its former agent, Hayes, and has attached real estate standing in the name of such agent. That agent is now asserting that the principal must be charged with notice or knowledge that he, the agent Hayes, held the attached real estate in trust for another, and that such knowledge must be imputed to the principal because the defendant had at one time been its agent. It appears affirmatively, however, that although the defendant, Hayes, was an officer in the Continental Company at the time the causes of action accrued, no other official of the company had any knowledge of the trust agreement. No one else in the company had any such knowledge. Hayes, then, had not, in fact, communicated his knowledge to anybody in the company. Neither the plaintiff receiver nor his counsel had such knowledge until after the attachment was made. It does not appear that Hayes acquired his knowledge of the oral trust agreement while acting in his capacity as an officer of the plaintiff company. At the time he acquired it, the plaintiff company had no interest in Nash. It had no interest in the real estate in question, or in the trust relating to it. It does not appear that there was any reason or obligation on the part of the defendant, Hayes, to communicate to the plaintiff company any facts concerning his relations with Nash, or with Nash's interest in the real estate; and it does not appear that he did communicate any information concerning such facts to the company. The company did not become interested in the real estate until its first attachment, October 2, 1911, about eight months after the receiver was appointed, and about eight months after the defendant, Hayes, had ceased to be an officer in the company. We cannot conclude that the former knowledge which Hayes had about matters unconnected with the company's business can charge the company with notice eight months later. There can be

no presumption of law or in fact that Hayes ever communicated to the company any knowledge which he had of the trust agreement. This knowledge in no way related to the business of the company, and, while the company might properly be held to be charged with notice of Hayes' knowledge concerning matters relating to the corporation business, it cannot be chargeable with knowledge of things which the agent knew, but which had no connection with the corporation business.

[3] The prevailing rule upon this subject in the federal courts is that notice to an officer of a corporation is not such notice to the corporation as to affect its rights, unless such notice or knowledge of the officer is in regard to a matter coming within the sphere of his duty while attending to the business of the company, and acquired while acting in regard to the same. Armstrong v. Ashley, 204 U. S. 272, 283, 27 Sup. Ct. 270, 51 L. Ed. 482; Fidelity & Deposit Co. v. Courtney, 186 U. S. 342, 363, 364, 22 Sup. Ct. 833, 46 L. Ed. 1193.

There is no reason, apparent from the testimony in the cases before us, for holding that, in regard to his dealings with Nash, Hayes was in any sense the agent of the plaintiff company. So far as appears from the record, the appellant had no actual knowledge, and no constructive notice of the oral trust agreement. He must then be held, in the language of the statute, to have been "a creditor who has no notice of the trust."

[4] The motions and affidavits of the defendant, Hayes, filed after the Suffolk attachments, alleging the oral trust agreement relating to Suffolk county real estate, did not constitute notice to the appellant that there existed also an oral trust relating to the Norfolk and Middlesex real estate and did not defeat the appellant's subsequent attachments of the land in Middlesex and Norfolk counties. There was nothing in the Suffolk affidavit to charge the appellant with knowledge, or even to lead him to suspect, that the alleged oral trust agreement concerned any property other than that in Suffolk county. This becomes apparent on reading the motions and affidavits of record. We find, too, that the power of attorney from Nash to Hayes on record in Suffolk county cannot be held to contain any notice of the oral trust agreement, or any intimation that such an agreement existed. From examination of the whole record we are constrained to hold that the appellant's attachments of real estate were made in good faith and without notice of the oral trust agreement. We think the appellant's demurrer should have been sustained.

[5] 2. The cases properly come before us on appeal. The intervening petition of Nash is ancillary to the original proceedings. It is directed to the equity side of the court. It prays for relief obtainable only in equity. It has been treated by the District Court as equitable in its character, and has been made the subject of a "decree" by that court. Although the decree is spoken of as interlocutory, it was in its character a final decree. It dissolved the attachment and ended the common-law proceeding. In Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145, the Supreme Court held that a bill filed on the equity side of the court, to regulate a judgment in

a suit at law in the same court and, thereby to prevent injustice, is ancillary to the original suit. Following the doctrine of that case, in Wabash Railroad v. Adelbert College, 208 U. S. 38, 54, 28 Sup. Ct. 182, 52 L. Ed. 379, the Supreme Court has said that, for the purpose of avoiding injustice, when the court has assumed jurisdiction of the subject-matter of a suit, it may hear all matters relating to the control of the property involved, and determine all questions relating to it. The law on this subject was clearly stated, and the early decisions reviewed in Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749.

In Minnesota Co. v. St. Paul Co., 2 Wall. 609, 632, 17 L. Ed. 886, in speaking for the court, Mr. Justice Miller said:

"No one would hesitate to say that, according to the English chancery practice, a bill to enjoin a judgment at law is an original bill in the chancery sense of the word. Yet this court has decided many times that when a bill is filed in the Circuit Court to enjoin a judgment of that court, it is not to be considered merely as an original bill, but as a continuation of the proceeding at law."

In Gregory v. Pike, 67 Fed. 837, 15 C. C. A. 33, this court had before it an appeal from the Circuit Court. In that case one of the defendants claimed an interest in the subject of litigation, and was made a party defendant against the objection of the complainant. He filed a cross-bill which was dismissed in the lower court on the ground that he had been improperly made a defendant. In speaking for the court, Judge Putnam said that this defendant "was entitled at some stage of the cause below * * * to intervene pro interesse suo by summary petition. There is no rule touching the merits or necessities of technical proceedings which prevents the court from regarding his cross-bill as such a petition. This court may, therefore, on the principles already laid down, treat the cross-bill * * * as in effect a petition to intervene, and confirm the decree."

In the cases at bar the intervening petition of Nash may be treated as an equitable proceeding. The decree made by the District Court upon that petition and on equitable principles presents a matter to which an appeal lies.

It is not necessary for us to consider the further questions presented by the record.

It is ordered in each case that the decree of the District Court dissolving the attachments be vacated. The appellant recovers his costs in this court.