## HULL et al. v. BURR et al.

### (Circuit Court of Appeals, First Circuit. September 12, 1913.)

### No. 1,015.

APPEAL AND ERROR (§ 832*)—SCOPE OF RELIEF—REHEARING.

> Where appellants' brief specifically prayed for a decree quieting title by enjoining respondents from further asserting any adverse claim to the property in controversy, and no question of appellants' right to other general relief was presented to the District Court, from which complainants appealed, nor to the Circuit Court of Appeals on the original hearing, a rehearing would not be granted on the ground that the trial court might have given complainants substantial relief under the prayer for general relief without granting an injunction.

> [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3215–3228; Dec. Dig. § 832.*]

On petition for rehearing. Denied.

For former opinion, see 206 Fed. 1.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

PUTNAM, Circuit Judge. The parties assume this case to be of so much importance that we think it advisable to file a memorandum with reference to the petition for a rehearing filed on July 24, 1913, being careful not to qualify what we previously said in approval of the opinion and conclusions of the learned judge of the District Court.

The petition proceeds on the theory that our judgment was based on section 720 of the Revised Statutes (U. S. Comp. St. 1901, p. 581), prohibiting the federal courts from enjoining state courts. This is a narrow view, because, while our opinion refers to the statutory prohibition, yet this reference is immediately followed by the statement that "the authority of the court which first acquired jurisdiction, the parties being substantially the same, must prevail." That we relied on broad principles, having extensive application, without regard to the fact that one court is a federal court and the other a state court, is entirely plain from our references to Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870, and Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807, with the remark that "we leave this appeal to stand on the rules applied in the two cases cited." This is particularly noticeable because Bank v. Stevens applied the rule as against a court of the state of New York undertaking to obstruct by injunction the party concerned while pro-

ceeding in the federal courts, in violation of the general rule explained especially at page 461 of 169 U. S., page 413 of 18 Sup. Ct. (42 L. Ed. 807).

One point of criticism by the petitioners for a rehearing is based on the proposition that the proceeding in Florida to which our opinion related was abated until revived by bringing in a new trustee in bankruptcy. This is a trivial proposition when considered in the light of what occurred, and was decided, in the litigation between Hall and Ames in the courts of this circuit, according to the opinions found in 182 Fed. 1008, 190 Fed. 138, and 190 Fed. 144, 111 C. C. A. 178. A further illustration of the broad rule on which our opinion relied, and of its long reach, is found in the decision of this court in McDermott v. Hayes, by an opinion passed down June 18, 1912, reported in 197 Fed. 129, beginning especially at the foot of page 135, 116 C. C. A. 553.

It is further said that the original bill contained a prayer for general relief, with reference to which the District Court appealed from might have given the complainants substantial relief without granting any injunction. It is enough to say that no proposition of that character was submitted to the District Court, or brought to our attention when the case was heard before us. On the other hand, the brief of the appellants specifically prayed for a decree quieting title by enjoining the respondents from further asserting any adverse claim to the property, and no other relief was asked for.

As to the request that our decree be amended to operate without prejudice, we need only remark that we see no occasion therefor; but, on the contrary, it is time, so far as we can discover, that all the parties should seek their rights in the court which we are asked to enjoin, which is fully capable of protecting all interests, especially as the ultimate subject-matter of litigation is realty, over which that court has direct jurisdiction.

The petition for rehearing filed on July 24, 1913, is denied, and the mandate will issue forthwith.