UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION v. ATLANTIC CORPORATION et al.

(Circuit Court of Appeals, First Circuit. December 1, 1926.)

No. 2022.

1. Appeal and error ⬅️655(2)—Bill of exceptions, filed nearly year after findings and rulings, must be stricken, in absence of motion for new trial or request for extension (District Court rule 19).

Under District Court rule 19, bill of exceptions, relating to taking of testimony and to trial court's findings and conclusions, not filed until year after findings and conclusions were made, must be stricken from record on motion, in absence of motion for new trial or request for extension of time for filing bill.

2. Appeal and error ⬅️555—Assignments of error, based on bill of exceptions stricken from record, cannot be reviewed (District Court rule 19).

Assignments of error, based on bill of exceptions stricken from record, because not seasonably filed under District Court rule 19, cannot be reviewed.

3. Appeal and error ⬅️344—Order denying motion to charge trustees held final as respects time for filing writ of error.

Order denying plaintiff's motion to charge trustees, supplemented by entry on docket, held final order, and writ of error, not filed until nearly year thereafter, was not seasonably filed.

4. Judgment ⬅️272—When judgment is awarded after expiration of term, it should be entered as of last day of term (District Court rule 22).

District Court rule 22, promulgated February 15, 1916, contemplates that, when cause is ripe for judgment and no judgment has been awarded until after expiration of term, and time for filing bills of exceptions has expired, or no allowance of bills of exceptions is pending, judgment shall be entered as of last day of term.

5. Judgment ⬅️272—Judgment entered after expiration of term held considered entered as of last day of term, and writ of error not taken within statutory time thereafter must be dismissed (District Court rule 22).

Under District Court rule 22, where case was ripe for judgment at March, 1925, term, judgment entered after such term expired is regarded as entered as of the last day of the March term, and writ of error not taken within statutory time thereafter must be dismissed.

In Error to the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Action by the United States Shipping Board Emergency Fleet Corporation against the Atlantic Corporation and others. Order for defendants (5 F.[2d] 529), and plaintiff brings error. Writ of error dismissed.

William Marshall Bullitt, of Louisville, Ky. (John G. Sargent, Atty. Gen., and Harold P. Williams, Dist. Atty., of Boston, Mass., on the brief), for plaintiff in error.

Burton E. Eames, of Boston, Mass. (Franklin King and Tyler, Eames, Wright & Hooper, all of Boston, Mass., on the brief), for defendant in error New England Trust Co.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of contract brought by the Fleet Corporation against the Atlantic Corporation, in which the New England Trust Company and the National Union Bank of Boston were summoned as trustees.

The answers of the Trust Company and the Union Bank disclosed that each of them had on hand certain specific sums due and owing to the principal defendant at the time of the service of the writ upon them. The plaintiff on March 12, 1925, moved that the Trust Company and the Union Bank be charged as trustees in the amounts disclosed in their answers, with interest thereon up to February 21, 1925. On March 26, 1925, the cause was set down for hearing on the plaintiff's motion to charge the trustees, at which

time a trial was had. Thereafter on May 4, 1925, the court rendered an opinion embodying conclusions of fact and rulings of law, and denied the motion of the plaintiff to charge the trustees.

The cause was thence continued from term to term to the March term, 1926, when on March 24, 1926, the plaintiff filed a motion asking that an order be entered discharging the trustees. On March 29, 1926, the cause came on to be heard on this motion, and the parties having been heard the court on April 2, 1926, entered a formal order discharging the trustees.

On April 30, 1926, the plaintiff filed a bill of exceptions pertaining to the matters tried and determined in March and May, 1926, between it and the Trust Company, which was allowed May 3, 1926, but without prejudice to any rights of the Trust Company to have the bill of exceptions dismissed, if not seasonably presented. And on May 3, 1926, the plaintiff also filed a petition praying that a writ of error be allowed it to review the judgment or order of March 24, 1926, discharging the trustees and filed its assignments of error. This petition was allowed, but likewise without prejudice to any rights of the Trust Company to have the writ dismissed, if not seasonably brought.

In its assignment of error the plaintiff complains that the court erred (1) in not allowing the motion of the plaintiff to charge the trustees with interest on the deposits standing to the credit of the principal defendant; (2) in holding that the interest on a commercial deposit was in this respect unlike the interest on an ordinary interest-bearing debt and was not held subject to an attachment by trustee process of the principal amount; (3) in admitting the testimony of James R. Hooper as to the alleged custom of banks in the matter of holding interest subject to attachment by trustee process; (4) in admitting the testimony of James D. Brennan as to the alleged custom of banks in the matter of holding interest subject to an attachment by trustee process; and (5) in ruling that the plaintiff had acquiesced in the payments of interest to the principal defendant.

The Trust Company now moves (1) that the bill of exceptions be stricken from the record on the ground that it was not filed within the time allowed by law or the rules of the District Court; and (2) that the writ of error be dismissed on the ground that it was not sued out within the time allowed by law—that the order of May 4, 1925, denying the plaintiff's motion to charge the trustees was in fact and in law a final order discharging the trustees, and such being the case, the writ of error was not seasonably sued out.

[1] It is apparent that the questions sought to be raised in the assignments of error cannot be passed upon without recourse to the bill of exceptions, so that we may have the facts and the evidence before us, on which the alleged errors are predicated. If, therefore, the bill of exceptions was not properly made a part of the record and is not open to our consideration, no questions are presented for our determination. We proceed therefore to consider whether the bill of exceptions was seasonably filed, or must be stricken from the record as requested.

Rule 19 of the District Court, being the rule in force at the time in question, reads as follows:

"Bills of exceptions to any ruling of the court may be filed, and notice thereof in writing given to the adverse party within twenty days after the ruling is made, or in case of rulings made during a trial or hearing on the merits within twenty days after the verdict of the jury or finding by the court, unless the court or judge shall otherwise order, and it or he may for good reason allow a period therefor beyond the term or after judgment."

The trial of the matters presented by the plaintiff's motion to charge the trustees involved the taking of testimony, the finding of facts, and the decision of questions of law. These findings and rulings were made May 4, 1925, and, together with the evidence taken at the trial, are the matters to which the bill of exceptions relates. The bill of exceptions was not filed until April 30, 1926, nearly a year after the findings and rulings were made. Such being the case, and no motion for a new trial having been made, and no extension of the time for filing the bill of exceptions having been asked for or allowed, the motion to strike the bill of exceptions from the record must be granted. Slip Scarf Co. v. Wm. Filene's Sons Co. (C. C. A.) 289 F. 641, 643.

[2] The bill of exceptions being stricken from the record, the questions presented by the assignments of error cannot be reviewed, and for this reason, if for no other, the writ of error must be dismissed.

[3] While it is not necessary for us to consider whether the order of May 4, 1925, denying plaintiff's motion to charge the trustees, was a final order, and the writ of error seasonably prosecuted, we think we should do so.

The order of May 4, 1925, was supplemented by its entry on the docket on or before May 6, 1925. If, then, this order, so supplemented, was in substance and legal effect a final order discharging the trustees,

the writ of error was not seasonably sued out. We think it was such an order. It is conceded by counsel for the plaintiff that the orders of May 4, 1925, and April 2, 1926, "amount to the same thing," and that their wording "was ·a mere matter of accidental choice." An order discharging a trustee or garnishee is final. It dissolves the attachment, and thus ends the litigation between the parties concerned。 McDermott v. Hayes, 197 F. 129, 135, 116 C. C. A. 553.

[4] Then, again, rule 22 of the District Court in regard to the entry of judgments in actions of law (rules promulgated February 15, 1916) provides:

"When no special award of judgment is otherwise made, judgment shall be entered as of the last day of the term; Provided, however, that this rule shall not apply in cases where the time for filing exceptions has not expired or where the allowance of exceptions is pending; and provided, further, that judgment on default for non-appearance shall not be entered except upon motion or after such notice as the court shall order."

This rule contemplates that, when a.cause is ripe for judgment, and no judgment has been specially awarded at the term, and the time for filing bills of exceptions has expired, or no allowance of bills of exceptions is pending, judgment shall be entered as of the last day of the term.

[5] This cause, as between the plaintiff and the trustees, was ripe for judgment at the March term, 1925, the last day of which was Monday, June 22, 1925; and if, as the plaintiff contends, no judgment was entered on May 4, 1925, or at any time during the March term, the judgment entered after that term was required by rule 22 to "be entered as of the last day of the term," to wit, June 22, 1925. The order or judgment, therefore, of April 2, 1926, is to be regarded as entered as of June 22, 1925, and, when so considered, the writ of error was not sued out within the time required by law, and must be dismissed.

The writ of error is dismissed, with costs to the New England Trust Company, defendant in error.