for this health certificate in the by-laws or the action of the board of directors. The secretary merely testified it was a custom to restore a member in default on payment of past-due assessments and giving of the health certificate. There were a number of technical requests made to the court at the close of the main charge; but we think they were properly disposed of, and that no errors were committed as to this defense which require a reversal of the judgment.

Second. As to the defense involving the limitation of the right of action, the court was bound to dispose of it as a matter of law, inasmuch as there was no disputed question of fact for the jury to determine. It seems, before the proofs of loss were prepared or delivered to the defendant, there was some communication between the parties, and the defendant notified the plaintiff that it would not pay the insurance, and more than 6 months, the time limited, elapsed thereafter before the suit was commenced. The plaintiff could not well maintain the action, however, until she had made and delivered to defendant her proofs of loss and 90 days had elapsed. These proofs were made and delivered, the defendant refused to pay, and the action was brought within the 6 months from that rejection of this claim. We think the claim referred to in the certificate and policy was the claim made upon the proofs of loss, and that this action was not barred by the 6-months limitation.

Judgment and order affirmed, with costs. All concur.

---

### DOUTHITT v. NASSAU FIRE INS. CO.

(Supreme Court, Appellate Division, Second Department. November 16. 1906.)

PLEADING—BILL OF PARTICULARS.
    It is not error to grant plaintiff a bill of particulars in a case where defendant's defense is fraud.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 967.]
    Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by John F. Douthitt against the Nassau Fire Insurance Company. From an order granting plaintiff a bill of particulars, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Raymond Rubenstein (Edgar J. Nathan, on the brief), for appellant.

Wayland E. Benjamin, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements.

GAYNOR, J. (dissenting). This is an action on a fire insurance policy. The answer pleads a defense that after the fire the plain-

tiff "made false and fraudulent statements to the defendant in certain papers purporting to be proofs of loss, and otherwise, and falsely stated and swore, among other things, in said pretended proofs of loss," that the value of the property covered by the policy and the damage thereto was $23,500, whereas it was less than one-half that sum. This is followed by allegations that he repeated such "false and fraudulent statements" in an examination subscribed and sworn to by him which was had under the provisions of the policy, and also "submitted false books and documents" in support of his claim. This defense is made under the provision of the policy that the policy shall be void "in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof whether before or after a loss."

It is a trite rule of pleading that fraud can be pleaded only by alleging specifically the facts constituting it. The only facts alleged here are (1) that the plaintiff falsely stated the value of the property insured and the loss at more than double what they were, (2) that he repeated this in his examination, and (3) that he submitted false books and documents to support his claim of loss. The general statements, "and otherwise," "among other things," and the like, go for nothing.

It would be a strange thing to grant a bill of particulars of the facts constituting fraud, when the pleading itself must contain them. Here three facts only are alleged. The proofs of loss show whether the plaintiff stated therein that the value and loss were $23,500, and the defendant has to show that that was excessive to make his defense on that head; the subscribed examination shows whether the plaintiff repeated such statement therein, and the plaintiff knows what books and documents he submitted and whether they were false.

Nevertheless the order appealed from is that the defendant deliver a bill of particulars "of the false and fraudulent statements referred to" in the said defense, and of the false books and documents, and "stating what the false and fraudulent statements in the proofs of loss were, and what the false and fraudulent statements made upon the plaintiff's examination were." How can we affirm such an order? It would make a most troublesome precedent.