HERZIG et al. v. WASHINGTON FIRE INS. CO.

(Supreme Court, Appellate Division, First Department.   March 24, 1911.)

1. INSURANCE (§ 644*)—ACTIONS ON POLICY—BILL OF PARTICULARS.

In an action on a fire policy, where defendant alleged that insured made false and fraudulent representations respecting the sound value of the property and the total loss, further alleging that the sound value of the goods was only $5,000, and the loss only $500, plaintiffs were not entitled to an itemized statement of the property covered, or of the items of loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

2. INSURANCE (§ 644*)—ACTION ON POLICY—BILL OF PARTICULARS.

In an action on a fire policy, where defendant alleged that, in an examination under oath respecting an adjustment of the loss, insured gave false and fraudulent testimony regarding the items of loss, the nature of the fire, the stock on hand, its value and loss thereon, etc., plaintiffs were entitled to a bill of particulars of that part of the testimony claimed to. be false and fraudulent, and in what respect it was false and fraudulent.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

3. INSURANCE (§ 644*)—ACTION ON POLICY—BILL OF PARTICULARS.

In an action on a fire policy, where defendant alleged that on being required to produce their books of account, etc., insured falsely and fraudulently neglected to produce such books and papers, and produced false books and papers which were manufactured or prepared by one of insured or on his behalf, plaintiffs were entitled to a bill of particulars of the books and papers which defendant claimed were not produced, and of which of those produced were false, and which were manufactured by insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

4. INSURANCE (§ 644*)—ACTIONS ON POLICY—BILL OF PARTICULARS.

In an action on a fire policy, plaintiffs demanded as a part of a bill of particulars a copy of the proof of loss alleged by defendant to contain false and fraudulent statements respecting the loss. Held, that while, strictly speaking, plaintiffs' remedy was for a discovery, yet a bill of particulars being required with respect to other matters which could not be otherwise obtained, the proof of loss would be included.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1625; Dec. Dig. § 644.*]

Appeal from Special Term, New York County.

Action by George B. Herzig and others, as trustees for the benefit of creditors of H. Leonard Simmons, doing business as H. Leonard Simmons & Co., against the Washington Fire Insurance Company. From that part of an order denying in part the motion for a bill of particulars of defenses, plaintiffs appeal. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Clayton J. Heermance, for appellants.

Charles Goldzier (Moses H. Grossman, on the brief), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. This action is brought by the trustees of creditors of the firm of H. Leonard Simmons & Co. on a policy of fire insurance issued by the defendant to said firm on furs and skins in their store at No. 139 Fifth avenue, which it is alleged were "partially destroyed and largely damaged by fire" during the period covered by the policy. A total loss is claimed, it being alleged that the total sound value of the property was at least the sum of $33,933.45, and that the total loss was at least the sum of $28,367.60, and that the total insurance was $25,500, including the policy in question, which was for $1,000. The policy contained a provision to the effect that any fraud or false swearing on the part of the insured relating to the insurance, either before or after a loss, should render the policy void.

The defendant pleaded as a separate defense that the insured made false and fraudulent representations to defendant with respect to the sound value of the property insured, stating it to have been as alleged in the complaint, and stated and represented that the total loss was about the sum of $28,367.60, well knowing that the sound value did not exceed $5,000, and that the loss did not exceed $500. The plaintiffs demanded an itemized statement of the goods which the defendant claims had a sound value of not exceeding $5,000, and of the loss which defendant claims did not exceed $500. These demands were properly denied. The defendant's claim is that the sound value of the goods covered by the policy at the time of the fire was only $5,000, and that the loss was only $500. It is not for the defendant to give the plaintiffs a statement of the property covered by the policy or of the items of loss. The answer further alleges that, pursuant to the provisions of the policy of insurance one of the members of the firm insured was examined under oath with respect to an adjustment of the loss, and gave false and fraudulent testimony with regard to the items of the loss, the nature of the fire, the stock on hand and its value, and the loss thereon, and his acts and the acts of his subordinates. Plaintiffs also demanded a bill of particulars of that part of the testimony so given which it is claimed was false and fraudulent, and in what respect it was false and fraudulent. This was denied. We are of opinion that it should have been granted. The facts make a case quite analogous to the questions presented in Taylor v. Security Mutual Life Ins. Co., 73 App. Div. 319, 76 N. Y. Supp. 671, where we required a bill of particulars of the alleged false representations in an application for life insurance pleaded as a defense to an action on the policy; and falls directly within the authority of Douthitt v. Nassau Fire Ins. Co., 115 App. Div. 902, 101 N. Y. Supp. 94, where an order requiring a bill of particulars of false and fraudulent statements with respect to a fire insurance policy pleaded as a defense was affirmed.

It is further alleged that, by virtue of the provisions of the policy, it was the duty of the insured to produce for examination by the defendant their books of account, bills, invoices, or other vouchers, or certified copies if the originals were lost, and that, on being required to produce the same, one of the firm, with intent to cheat and defraud the defendant, falsely and fraudulently neglected and failed to produce such books and papers, and falsely and fraudulently produced

false books and papers which were manufactured or prepared by him or on his behalf. Plaintiffs demand a bill of particulars of the books and papers which it is claimed the insured falsely, and fraudulently failed, neglected, and refused to produce, and which of those produced were false, and which were manufactured or prepared by one of the members of the firm or on his behalf. It is not very material which were manufactured or prepared by or on behalf of the insured, but it is material what papers and books produced were false in fact, and what books and papers the firm failed to produce, and under well-settled rules the plaintiffs were entitled to a bill of particulars thereof as demanded; and, since defendant charges plaintiffs with having manufactured or prepared some of the false statements, there is no impropriety in requiring the defendant to specify the books and papers so claimed to have been manufactured or prepared.

The answer further alleges that the sworn proof of loss contained false and fraudulent statements with respect to the loss. The plaintiffs demanded as part of the bill of particulars a copy of the proof of loss. Strictly speaking, the plaintiffs' remedy for relief in that regard is for a discovery, but, since a bill of particulars is required with respect to matters which could not otherwise be obtained, there is no necessity of requiring the plaintiffs to make another application to the court, and this should have been included. ·

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars should be granted to the extent herein indicated, with $10 costs. All concur.