formly held that a party has an absolute right to amend his plead-ing once, of course, providing he does so within 20 days after serv-ice of an answer, demurrer, or reply to his pleading; also that an amendment by leave of the court is not a substitute for that right, and does not preclude a subsequent amendment under section 542. Backes v. Mechanics' & Traders' Bank, 130 App. Div. 20, 21, 114 N. Y. Supp. 459; Hall v. Galban & Co., 164 App. Div. 873, 148 N. Y. Supp. 517.

The order should be reversed, with $10 costs and disbursements, and the defendant's motion denied, with $10 costs, with leave to the defendant, on payment of said costs, to serve an answer to the second amended complaint within 20 days from service of a copy of the order to be entered hereon, with notice of entry thereof. All concur.

---

(174 App. Div. 905)

### HERBERT v. ST. PAUL FIRE & MARINE INS. CO.

(Supreme Court, Appellate Division, First Department.   July 10, 1916.)

PLEADING ⊙═317(5)—FIRE INSURANCE—BILL OF PARTICULARS—BURDEN OF PROOF.

Where defendant insurer set up falsity of value of items of property as alleged in proof of loss, the value being matter necessarily to be proved by the insured, she was entitled to a bill of particulars as to the items al-leged to be falsely valued.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 958–961; Dec. Dig. ⊙═317(5); Damages, Cent. Dig. § 416.]

Appeal from Trial Term, New York County.

Action by Nellie Bolstridge Herbert against the St. Paul Fire & Marine Insurance Company. From an order granting plaintiff's mo-tion for a bill of particulars as to the separate defenses, defendant appeals. Modified and affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

S. J. Rosenblum, of New York City, for appellant.
Joseph H. Frier, of Brooklyn, for respondent.

PER CURIAM. The action is upon a policy of fire insurance. The defense raises a general issue, and sets up the affirmative defenses that values were exaggerated and falsely stated in the proofs of loss, that at the examination of the assured under the policy the husband of the assured (representing the assured) refused to answer truth-fully certain proper questions, and gave false answers, and failed to produce documents called for, and produced false documents, and that the assured gave false answers in the proofs of loss as to the cause of the fire, and as to her being the sole owner of the lost prop-erty. The defendant concedes plaintiff's right as to the second item.

The order appealed from is modified, by striking out all of the first demand in the request for a bill of particulars, except the fol-lowing: The items of property set forth in the proof of loss as to

which the defendant claims that the values thereof are false as set forth by the plaintiff—and by striking out all of the fourth demand, as these are matters which obviously must be proved by the plaintiff as part of her case; and, as so modified, the order is affirmed, without costs. Settle order on notice.