NATHAN GOLDBERG, Trading as G. L. SILK COMPANY, Appellant, v. NATIONAL SURETY COMPANY, Respondent.

First Department, February 21, 1919.

Pleading — action to recover upon policy of burglary insurance — general denial — separate and distinct defenses — right of plaintiff to bill of particulars as to said defenses — defendant estopped from denying materiality of defenses.

Where in an action to recover upon a policy of burglary insurance, the defendant after denying allegations of plaintiff's performance set up three " separate and distinct " defenses, the plaintiff is entitled, in order to prevent surprise and limit the defendant's proof upon the trial, to have a bill of particulars of said defenses.

Although it may have been unnecessary for the defendant to add allegations by way of defense in addition to its denials, it is estopped by so doing from denying their materiality on a motion by the plaintiff for a bill of particulars.

APPEAL by the plaintiff, Nathan Goldberg, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of November, 1918, as denies his motion for a bill of particulars as to certain of defendant's affirmative defenses.

*Edward C. O. Thomas* of counsel [*Joseph L. Prager*, attorney], for the appellant.

*Leon M. Prince* of counsel [*Prince & Nathan*, attorneys], for the respondent.

PAGE, J.:

The action is to recover upon a policy of burglary insurance for losses sustained. A copy of the policy is annexed to the complaint and the facts of the burglary and the amount of loss sustained are set forth, as well as the facts in regard to notice and proof of loss given to the defendant, the examination of the plaintiff employee, books and papers produced pursuant to notice and a compliance on plaintiff's part with all the terms and conditions of the policy on his part to be performed except as to certain conditions which had been waived. The answer

contains many admissions and denials. The allegations of plaintiff's performance are denied upon information and belief. The answer then sets up three " separate and distinct " defenses, each setting forth one of the numerous general or special agreements contained in the policy, which defendant alleges were warranties and conditions precedent and in general terms alleges that the plaintiff failed to keep or perform the same by reason whereof the policy became void. The plaintiff moved for a bill of particulars of each of these defenses. The court at Special Term granted the motion as to the second defense, except as to one item, from which the plaintiff does not appeal, and granted one item demanded as to the allegations of the third defense. The defendant argues on this appeal that by reason of the general denial of plaintiff's allegations of performance of the terms and conditions of the policy the burden rested upon the plaintiff to prove his compliance with such terms and conditions, and that the defendant could introduce all the evidence of the facts alleged in the defenses under its general denial and that, therefore, the allegations of the defenses are immaterial. If this be so, why were these allegations put in the answer as separate and distinct defenses? The pleader must have had some theory of the necessity of alleging these facts as a defense separate and distinct from the issues raised by the denials; some advantage that it expected to gain on the trial from these defenses. Whatever its purpose was, the plaintiff is entitled in order to prevent surprise and limit the defendant's proof upon the trial, to have the particulars of these defenses. The defendant has elected to base its defense to the plaintiff's cause of action upon these allegations. In addition to the denials " it may have been unnecessary to add those allegations by way of defense; but, by so doing, the defendant is estopped from denying their materiality on this motion." (*Cunard* v. *Francklyn,* 111 N. Y. 511, 513.) This case is to be distinguished from those which have held that where the defendant unnecessarily amplifies his denials with affirmative statements of facts, not alleged as distinct defenses, he cannot be required to give a bill of particulars of the amplifying allegations. (*Barretto* v. *Rothschild,* 93 App. Div. 211.) We have held that the plaintiff was entitled to the particulars here demanded,

where similar defenses were set up in an action on a fire insurance policy. (*Herzig* v. *Washington Fire Insurance Co.*, 143 App. Div. 386, 388.)

In my opinion the order should be modified by including therein the particulars in the items numbered 1, 2, 3, 8, 9 and 10 in the notice of motion in addition to the particulars required by the order, and as modified affirmed, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, with ten dollars costs and disbursements to appellant.