## MART WATERMAN CO., Inc., v. LIVERPOOL & LONDON & GLOBE INS. CO., LIMITED, OF LIVERPOOL, ENGLAND, et al.

(District Court, E. D. New York.  December 14, 1922.)

**Pleading** ⬅═≫318(2)—**Bill of particulars required as to fraud pleaded as defense.**

In action on fire insurance policies on stock of merchandise, where answer alleged fraudulent claim and proof of loss in overstating the value of property destroyed, plaintiff *held* entitled to bill of particulars stating in what respects the statements or proofs of loss were false or fraudulent, such as to what items there were false statements of value, and what defendants claimed to be the actual value of the property in each item.

At Law.  Action by the Mart Waterman Company, Inc., against the Liverpool & London & Globe Insurance Company, Limited, of Liverpool, England, and others.  On plaintiff's motion for bill of particulars.  Motion granted.

Rounds, Schurman & Dwight, of New York City (Charles E. Hughes, Jr., and Thomas L. Ennis, both of New York City, of counsel), for plaintiff.

Fox & Weller, of New York City (Robert J. Fox and Robert P. Schur, both of New York City, of counsel), for defendants.

GARVIN, District Judge.  This is a motion by plaintiff for a bill of particulars of the allegations contained in separate defenses of each defendant's answer.  The action is upon three fire insurance policies, one issued by each of the defendants, upon plaintiff's stock of merchandise, to recover for damage to said merchandise by reason of a fire which occurred on or about January 8, 1922.

The answer contains a general denial, and a separate defense setting forth that the policy of each defendant answering contained the following provision:

"This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The answer further alleges that after the fire occurred the plaintiff made a false and fraudulent statement and proof of loss, wherein it stated that insured property, amounting to over $360,000, had been destroyed or damaged by the fire in question, whereas, in fact, as plaintiff well knew, insured property to no such sum had been destroyed or damaged.

The motion was argued fully and has been briefed with care.  Plaintiff seeks to be advised upon four separate matters.  Defendant's memorandum correctly states that plaintiff asks the following particulars of the affirmative defenses:

"(1) A statement of the conditions of the policy which the defendant claims plaintiff did not perform, and in what respect it did not perform such conditions.

"(2) In what respect the plaintiff did not file a proof of loss as required by defendant's policy, and in what respect the proof did not comply with the conditions of the policy.

"(3) Whether the proof of loss was oral or written; if oral, the substance thereof, and by whom and to whom made, and, if in writing, a copy thereof."

Defendant asserts its willingness to furnish these particulars, but declines to comply with the fourth demand, by which plaintiff attempts to have each defendant elaborate the allegations contained in paragraph of the answer numbered "Fifth," which reads:

"Fifth. That the insured did not duly, or otherwise, perform the conditions of the said policy by it to be performed, and did not comply with the conditions of the said policy, nor did it file with this defendant statement and proof of loss, as required by the conditions of said policy relating thereto, but, on the contrary, after the alleged loss and damage, and before this action, the said insured made and delivered to this defendant a false and fraudulent statement as and for said statement and proof of loss as is mentioned and required by the conditions in the said policy relating thereto, in which statement and proof of loss the insured falsely and fraudulently swore and stated that insured property of the insured to the amount of over three hundred and sixty thousand dollars ($360,000) had been damaged or destroyed by the alleged fire mentioned in said complaint, and that the insured's loss and damage by said fire under the said policy of this defendant was to the amount therein specified; whereas, in truth and in fact, and as the insured well knew, insured property to the amount of three hundred and sixty thousand dollars ($360,000), or anything like the said sum, had not been destroyed or damaged, and the insured's loss and damage under the said policy of this defendant, if any there were, was not to the amount therein specified, or anything like the said sum, and that the said statements so made by the insured in the said alleged statement and proof of loss were false, and well known by it to be false, and were fraudulently made, with intent to deceive and defraud this defendant, and to induce it to pay to the insured a greater loss and damage than it had actually suffered, and by reason thereof the policy of the defendant is avoided, and the defendant is not liable, in any manner or in any amount, to the plaintiff."

The demand is for particulars as to the alleged fraud, in what respects the statements or proofs of loss were false and fraudulent, in what respects the statements therein made concerning the value of the insured property and the amount of the loss were false and fraudulent, and what defendants claim was the property's value and the actual loss, detailed information as to the items set forth in the proof of loss with respect to which defendants claim there was a fraudulent statement of value, and what defendants claim was the actual value of the property described in each item, and, finally, with respect to what specific items defendants claim there were fraudulent statements as to the amount of damage, and what defendants claim was the actual damage sustained by the property mentioned in each of said items.

Here an allegation of fraud is made by defendants. It is a complete defense, if established. It should not be made—for fraud is a serious charge—upon mere suspicion, nor unless defendants have in their possession proof upon which they can rely. Nor are authorities lacking. Herzig v. Washington Fire Insurance Co., 143 App. Div. 386, 128 N. Y. Supp. 565; Herbert v. St. Paul Fire & Marine Insurance Co., 174 App. Div. 905, 160 N. Y. Supp. 57. Two later cases were brought to

the attention of the court, but they were decisions of an inferior tribunal, and were apparently decided shortly after the authorities cited and without knowledge thereof. I cannot regard them as controlling.

Motion granted.