Isadore M. Wolfson, Plaintiff, *v.* Sun Insurance Office of London, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, 1926.

Insurance — fire insurance — action on policy — plaintiff entitled to bill of particulars as to defenses of cancellation of policy, misrepresentation of sound value of property and storage of gasoline and kerosene on premises.

In an action on a policy of fire insurance to recover for loss occasioned by fire in plaintiff's premises, said plaintiff is entitled to a bill of particulars as to further facts relating to several separate defenses set up by the defendant, including allegations that there had been a cancellation of the policy by reason of the plaintiff's failure to comply with the stipulations therein, that the plaintiff by misrepresentations and false statements in books misrepresented the sound value of his property, and that he permitted or caused to be brought into or upon the premises substantial quantities of kerosene, gasoline or petroleum derivatives not used in the course of his business.

Application by plaintiff for a bill of particulars in an action to recover on a policy of insurance for a loss by fire.

*Goldstein & Goldstein,* for the plaintiff.

*Leo Levy,* for the defendant.

PANKEN, J.   The pleadings are verified.   The defendant in its answer for separate, distinct and affirmative defenses among other things alleges that it canceled the policy of insurance; that the plaintiff with intent to cheat and defraud the defendant made misrepresentations in writing and otherwise.   I assume that when the defendant used the language " in writing and otherwise " it meant to convey that the plaintiff had orally made misrepresentations; also misrepresentations as to his knowledge of the origin of the fire, and that the fire did not occur by his design or procurement; that the plaintiff also misrepresented the sound value of his property which was either destroyed or damaged by the fire, and for which destruction or damage he now seeks to recover compensation in this case.   It is also alleged by way of defense that the plaintiff permitted or caused to be brought into or upon the premises mentioned in the policy substantial quantities of kerosene, gasoline or petroleum derivatives not used by the plaintiff in the course of his regular business.   The last affirmative and distinct defense interposed by the defendant among other things alleges that the plaintiff " caused or permitted deliberate preparations to be made in the said premises for the occurrence through human agency, of fire, so that the merchandise or property contained in said premises and alleged to be covered by said policy of insurance would be damaged or destroyed thereby; and that fire through such means was on or about the date mentioned so caused and happened."

The plaintiff on this application asks for a bill of particulars to be furnished to him as to the matters alleged in these various separate defenses interposed by the defendant.   The plaintiff is not entitled to the particulars called for in paragraph designated 1.

There can be no question that plaintiff is entitled to the particulars called for in the paragraph designated 2.   The defendant sets up a cancellation of the policy by complying with the condition or stipulation in the policy contract.

The questions upon which the parties to this action are in disagreement as to whether the plaintiff is entitled to the bill of particulars are those set forth in the other defenses, the second, third and fourth.

One of the purposes of a bill of particulars is to limit the issues to be tried.   The plaintiff is entitled to know what statements made by him under oath or otherwise are fraudulent or constituted misrepresentation.

In the case of *Herzig* v. *Washington Fire Ins. Co.* (143 App. Div.

386) the court reversed an order of the Special Term denying a bill of particulars, and directed a bill of particulars to be granted. It says (at p. 388): " Plaintiffs demand a bill of particulars of the books and papers which it is claimed the insured falsely and fraudulently failed, neglected and refused to produce; and which of those produced were false, and which were manufactured or prepared by one of the members of the firm or on his behalf.  It is not very material which were manufactured or prepared by or on behalf of the insured, but it is material what papers and books produced were false in fact, and what books and papers the firm failed to produce, and under well-settled rules the plaintiffs were entitled to a bill of particulars thereof as demanded; and since defendant charges plaintiffs with having manufactured or prepared some of the false statements there is no impropriety in requiring the defendant to specify the books and papers so claimed to have been manufactured or prepared." ·

In the case before me and on this application the plaintiff asks for particulars indicating the books claimed by the defendant to have been false, manufactured and prepared by the plaintiff.

In the case of *Taylor* v. *Security Mutual Life Ins. Co.* (73 App. Div. 319, 323) the court says: ". Of course a bill of particulars may not be required for the purpose of disclosing the evidence or names of witnesses of an adversary, but it will be required for the purpose of giving definite information as to a claim or proposition contended for by an adversary with respect to any material fact at issue, even though this may involve a disclosure of the names of individuals with whom it is claimed the transactions were had."  And further on says: " The office of a bill of particulars is to amplify a pleading and to inform a party with reasonable certainty of the nature of the claim made by his adversary in order to prevent surprise and to enable him to intelligently meet the issue upon the trial."

In the case before me the plaintiff seeks particulars as to the misrepresentations and false statements with respect to the alleged sound value of the property alleged to have been involved in the fire, and the basis of the claim.  It appears that such information is necessary for the plaintiff, it would seem to me, in order to be able to meet the issues and to prevent any surprise on his part upon the trial of the action.

The cases cited above are sufficient authority for a requirement that defendant give the plaintiff the particulars with reference to the storing of kerosene, gasoline or other petroleum derivatives in substantial quantities, as well as requiring the defendant to give the plaintiff the particulars upon which it bases its claim that the

fire was either caused or procured by the plaintiff. The defendant is, therefore, directed to furnish particulars to the plaintiff in accordance with demands 2, 3, 4, 5, 6, 7, 9, 10 and 11.

Settle order on notice.